# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:09-cr-180

                                    District Judge Walter Herbert Rice
  - vs -                          Magistrate Judge Michael R. Merz

TURRELL JUSTICE,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court for initial review of Defendant Justice's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 144). Rule 4(b) of the Rules Governing § 2255 Proceedings provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

All collateral attacks on criminal convictions filed at the Dayton location of court are referred to the undersigned by General Order Day 13-01.

1

Justice claims the benefit of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague.  *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review.  *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016);  *In re:  Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). Justice asserts the residual clause of the career offender Sentencing Guideline is unconstitutional on the same basis as *Johnson* and indeed the Sixth Circuit has so held  *United States v. Pawlak*, ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).

**Procedural History**

Justice was charged in the Second Superseding Indictment in this case with conspiracy to possess with the intent to distribute cocaine (Count One); attempt to possess with intent to distribute cocaine (Count Two); conspiracy to interfere with commerce through robbery in violation of the Hobbs Act, 18 U.S.C. § 1951 (Count Three); possession with intent to distribute cocaine base (Count Four); using and carrying a firearm during and in relation to a drug trafficking crime  in violation of 18 U.S.C. § 924(c) (Count Five); using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Six); possessing a firearm after being convicted of a felony (Count Seven); obstruction of justice (Counts Eight, Nine, and Ten)(ECF No. 42, PageID 157-63).

On April 27, 2011, Justice entered into a written Plea Agreement with the United States under which he agreed to plead guilty to the charges made in Counts Three and Six (ECF No. 99, PageID 519).  He acknowledged that because the 924(c)(1)(A)(ii) charge included the element of

brandishing a firearm, he would be subject to a mandatory minimum seven-year sentence for that offense to be served consecutively to the Hobbs Act sentence. *Id.* at PageID 520. Having conducted a plea colloquy pursuant to Fed. R. Crim. P. 11, Judge Rice referred the case to the United States Probation Department for preparation of a presentence investigation report ("PSR"). On November 29, 2011, Judge Rice imposed a sentence of 41 months on the Hobbs Act violation and a consecutive eighty-four months on Count 6 (Minutes, ECF No. 136, PageID 630; Judgment, ECF No. 139). Justice took no appeal. The instant Motion was filed June 23, 2016.

## ANALYSIS

Justice argues that his sentence under 18 U.S.C. § 924(c)(1) "is predicated upon his Hobbs Act Robbery conviction. However, Hobbs Act Robbery does not require violent conduct; therefore these offenses do not qualify as proper predicate offenses under 18 U.S.C. § 924(c)." (Motion, ECF No. 144, PageID 654.) Justice reasons that to determine whether an offense qualifies as a "crime of violence" courts are required to use the categorical approach prescribed in *Descamps v. United States*, 133 S. Ct. 2276 (2013). "As a result, post-*Descamps*, for Hobbs Act Robbery to qualify as a 'crime of violence' under § 924(c)(3)'s force clause the offense must have an element of 'physical force.'" (Motion, ECF No. 144, PageID 655.) Hobbs Act Robbery does not meet this requirement because it can be accomplished through acts that do not require the use of force. *Id.*

As noted above, the Supreme Court has held that *Johnson* creates a new substantive rule which is applicable to cases on collateral review. *Welch, supra*. *Johnson* declared the residual

clause of the ACCA to be unconstitutionally vague.  This is not, however, an ACCA case. Justice responds "the Court said nothing whatsoever to limit its holding or reasoning to ACCA cases. . . . Accordingly, the substantive *rule* announced in Johnson is categorically retroactive to all cases in which it applies, [footnote omitted] and, as demonstrated above, *Johnson* applies to the Guidelines."  (ECF No. 144, PageID 658.)  But this is not a Guidelines case.  Justice was not found to be a career offender by application of the Sentencing Guidelines language which substantially tracks the language found unconstitutionally vague in *Johnson*.  The PSR does not contain any career offender adjustment at all.

Justice's argument appears to be that, applying the categorical approach of *Descamps*, his Hobbs Act conviction is not for a crime of violence.  *Descamps* was decided June 20, 2013.  It has never been held to be applicable retroactively.  *Zemba v. Farley*, 2015 U.S. App. LEXIS 12430 (6th Cir. 2015).  Even if *Descamps* were retroactively applicable to cases pending on collateral review, Justice's instant 2255 Motion would still be untimely, since his conviction became final in 2011 and the Motion was not filed until more than four years later.  *Johnson* does not reopen the one-year statute of limitations for *Descamps* claims.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Justice's § 2255 Motion be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore

should not be permitted to proceed *in forma pauperis*.

July 8, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).