# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,   :   Case No. 3:09-cr-180

                                        District Judge Walter Herbert Rice
- vs -                            Magistrate Judge Michael R. Merz

TURRELL JUSTICE,

           Defendant.   :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This case is before the Court on Defendant's Objections (ECF No. 147) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 146) recommending dismissal with prejudice of the pending § 2255 Motion (ECF No. 144).  Judge Rice has recommitted the matter for reconsideration in light of the Objections (ECF No. 148).  The time within which the United States could have filed a response to the Objections has expired.

       The Report recited the relevant procedural history and Justice does not object to that portion of the Report.  Briefly, the Indictment charged Justice in ten counts and he pled guilty to the Hobbs Act charge (Count Three) and the firearms charge under 18 U.S.C. § 924(c)(Count Six).  Judge Rice imposed a sentence of forty-one months on the Hobbs Act count and the mandatory minimum consecutive eight-four months on the firearms count.  Justice took no appeal.

1

Justice's sole claim for relief is that "[i]n light of *Johnson* [*v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015)("*Johnson 2015*")], Mr. Justice's conviction for Hobbs Act robbery does not qualify as a predicate offense under 18 U.S.C. § 924(c)." (Motion, ECF No. 144, PageID 654.)  18 U.S.C. § 924(c)(3) provides two alternatives for satisfying the "crime of violence" requirement:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
> (A)
> has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B)
> that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Justice's theory is that to determine what qualifies as a crime of violence under § 924(c)(3)(A), the elements clause, courts must apply the categorical approach which looks only at the statutory elements of crimes, as prescribed by *Descamps v. United States*, 133 S. Ct. 2276 (2013).  "As a result, post-*Descamps*, for Hobbs Act Robbery to qualify as a 'crime of violence' under § 924(c)(3)'s force clause the offense must have an element of 'physical force.'" (Motion, ECF No. 144, PageID 655.)  Section 924(c)(3)(B), the residual clause, can no longer be used to qualify Hobbs Act robbery because it contains language which is unconstitutionally vague, per *Johnson*.

Regarding the elements clause, Justice quotes the Hobbs Act, 18 U.S.C. § 1951, as providing in part:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or

2

> property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) As used in this section—
>
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.
>
> (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

(Quoted at Motion, ECF No. 144, PageID 656).  Justice notes Hobbs Act robbery can be committed without the use of violent force. *Id.* citing *Chrzanoski v. Ashcroft*, 327 F. 3d 188 (2nd Cir. 2003).

The Report read this portion of the Motion as making a claim under *Descamps v. United States,* 133 S.Ct. 2276, and noted that *Descamps* had been decided after Justice was convicted, but more than three years before he filed his § 2255 motion and had never been held to be retroactively applicable on collateral review.  Thus to extent Justice was making a *Descamps* claim, the Report concluded it was barred by the one-year statute of limitations on § 2255 motions (Report, ECF No. 146, PageID 667).

In the Objections, Justice renews his attack on the Hobbs Act as a qualifying predicate offense under the elements clause (ECF No. 147, PageID 672).  He relies on *Johnson v. United States*, 559 U.S. 133 (2010)("*Johnson 2010*") for the proposition that the force needed to qualify must be "strong physical force" that is "capable of causing physical pain or injury to another

3

person." 559 U.S. at 140, cited at ECF No. 147, PageID 672.  Justice then points to the ways the Hobbs Act can be violated without using physical force as defined in *Johnson 2010*, *Id.* at PageID 673.

This argument assumes the principles or precedents involved are timeless.  They are not. *Johnson 2010* was decided March 2, 2010.  The Second Superseding Indictment in this case was filed May 12, 2010, and charged the Hobbs Act violation to which Justice pled guilty in Count Three as follows:

> Between a beginning date unknown and March 17, 2009, in the Southern District of Ohio, defendants McGUIRE, WOODS, and JUSTICE, conspired to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence, in that defendants McGUIRE, WOODS, and JUSTICE, conspired to and obtain controlled substances from an individual engaged in the commercial activity of drug trafficking, by means of actual and threatened force, violence, and fear of injury to this individual engaged in the commercial activity of drug trafficking.

(ECF No. 42, PageID 159.)  Justice's Plea Agreement was filed April 27, 2011 (ECF No. 99) and he actually pled guilty the same day (Minute Entry ECF No. 101).[1]  The attached Statement of Facts contains the admission that Justice conspired with two others to rob drug dealer B.P. of money and drugs on March 17, 2009, and actually carried out the robbery with drawn weapons. ECF No. 99, PageID 524-25.  Although a Presentence Investigation Report ("PSR") was prepared in the case, it had no impact on the sentence on the firearms count because of the statutory mandatory minimum (PSR ¶¶ 37, 41).  No objections were made to the PSR and Judge Rice adopted it (ECF No. 140, PageID 643).  No appeal was taken.

---

[1] Because no appeal was taken, the plea colloquy has not been transcribed.

If, as Justice now argues, the Hobbs Act can be violated without resort to violence as defined in *Johnson 2010*, and therefore the Hobbs Act is not a qualifying predicate offense for a § 924(c) conviction, that argument was available when he was sentenced and therefore on direct appeal. By not appealing, Justice forfeited that claim. Alternatively, if failure to raise that claim was ineffective assistance of trial counsel, then an ineffective assistance of trial counsel claim with that as the underlying matter could have been filed within a year of sentencing. It was not and the statute of limitations ran then (December 2012) on any ineffective assistance of trial counsel claim of that sort.

But, says Justice, *Johnson 2015* applies retroactively to cases on collateral review (Motion, ECF No. 144, PageID 657, citing *Welch v. United States,* 136 S. Ct. 1257 (2016)). The Report acknowledged that *Welch* made *Johnson 2015* retroactively applicable on collateral review (Report, ECF No. 146, PageID 666-67). However, it noted this is not an ACCA case. Justice expected that argument and asserted *Johnson 2015* applies to Guidelines cases.

The Report noted this was also not a Guidelines case (ECF No. 146, PageID 667). Mr. Justice was convicted and sentenced under 18 U.S.C. § 924(c), not under the ACCA or the Guidelines. The Sixth Circuit has held that *Johnson 2015* does not render the residual clause of § 924(c), to wit, § 924(c)(3)(B) unconstitutionally vague in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), rehearing en banc denied 2016 U.S. App. LEXIS 9974 (6th Cir. May 9, 2016), where it held 18 U.S.C. § 924(c)(3)(B)'s definition of crime of violence was not unconstitutional. The Objections acknowledge *Taylor* but say "*Taylor* is wrongly decided because it employed a modified categorical approach to determine whether a prior conviction qualifies as a 'crime of violence.' This analysis has been rejected by the Supreme Court in *Mathias [sic] v. United States*. 579 U.S. ___, No. 15-6092 (June 23, 2016)" (Objections, ECF No. 147, PageID 672).

5

*Mathis v. United States,* 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604, 610 (2016), was decided June 23, 2016, several months after the *Taylor* decision was handed down in February. If *Mathis* is inconsistent with *Taylor*, then *Mathis* clearly is controlling.

Justice claims that the *Taylor* court used a modified categorical approach to reach its conclusion. Not so. *Taylor* was a direct appeal from convictions and a death sentence for carjacking resulting in death, kidnapping resulting in death, and using a firearm to commit murder while committing carjacking and kidnapping. 814 F.3d at 345. *Taylor* had argued that *Johnson 2015* compelled finding that § 924(c)(3)(B) was unconstitutionally vague. *Id.* at 375. The *Taylor* court noted that carjacking and kidnapping had been found to be "crimes of violence" under § 924(c)(3)(B), the residual clause of 924(c)(3), not the elements clause, which is § 924(c)(3)(A). *Id.* at 376.

Furthermore, *Mathis* does not repudiate the categorical approach to determining whether a predicate offense qualifies as such. In fact the Supreme Court held in *Mathis* that if a statute is divisible, stating elements in the alternative and thereby defining multiple crimes, a sentencing court may use the "modified categorical approach" by looking at a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime with what elements a defendant was convicted of. *Mathis* at *10, citing *Shepard v. United States*, 544 U.S. 13, 26 (2005).

Justice says his claim relies on *Mathis* instead of *Descamps* (Objections, ECF No. 147) because *Mathis* rejected *Descamps* because *Descamps* "permitted a court to look at statements in the record of non-elemental facts to determine whether an offense constitutes a 'violent felony' in favor of a strict elements-only approach." (Objections, ECF No. 147, PageID 673.) In *Mathis*

6

Justice Kagan strongly distinguished "elements" and facts which constitute only the means of commission of a crime:

> Distinguishing between elements and facts is therefore central to ACCA's operation. "Elements" are the "constituent parts" of a crime's legal definition – the things the "prosecution must prove to sustain a conviction." At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant, see *Richardson v. United States*, 526 U.S. 813, 817 (1999); and at a plea hearing, they are what a defendant necessarily admits when he pleads guilty, see *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Facts, by contrast, are mere real-world things – extraneous to the crime's legal requirements.

136 S. Ct. 2243 at **8

*Mathis* thus contains no repudiation of the modified categorical approach, but rather a continued endorsement. As the Objections note, the Sixth Circuit has continued to use the modified categorical approach after *Mathis*. *United States v. Rafidi*, ___ F.3d ___, 2016 U.S. App. LEXIS 12714 (6th Cir. July 11, 2016).

In this case there was no need to resort to the residual clause language of § 924(c)(3)(B) because Justice had pled guilty to a count of indictment which charged him with interfering with commerce by "robbery and threats of physical violence," an offense which qualifies under § 924(c)(3)(A)(Second Superseding Indictment, ECF No. 42, PageID 159).

**Certificate of Appealability**

Part of the Report's recommendation reads "[b]ecause reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and

7

therefore should not be permitted to proceed *in forma pauperis*."  (Report, ECF No. 140, PageID 667-68.)

**Recommendation Premature**

The Objections claim this recommendation is "overzealous" because it is premature because no Article III judge has decided the merits of Justice's claims and Justice has not yet sought a certificate of appealability under 28 U.S.C. § 2253(c) (Objections, ECF No. 147, PageID 674).  Rule 11 of the Rules Governing § 2255 Proceedings provides "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Thus the Rules, prescribed by the United States Supreme Court, require a District Judge, if he or she rejects a § 2255 claim on the merits, to at the same time  decide the issue of a certificate of appealability.  The Rule does not contemplate a separate post-judgment proceeding on the certificate of appeability issue.  Nor is that issue separately referred to the Magistrate Judge who is to make a recommendation for disposition of all the issues in a referred matter.  On the contrary, the District Judges from whom this Magistrate Judge receives referrals of § 2255 cases expect a recommendation on appealability to accompany the merits report and recommendation.

Justice of course correctly notes that he has not moved for a certificate of appealability under 28 U.S.C. § 2253(c).  That statute, adopted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), proscribes an appeal in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability.  Congress apparently intended to restricts issuance of such certificates to appellate

judges alone. Within a year after AEDPA was enacted, however, the Sixth Circuit held district courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997). That downward delegation of authority has been, in this Court's experience, rigidly enforced by the Sixth Circuit for the last twenty years. Thus a decision by this Court on appealability must come before any motion by a litigant under § 2253(c).

**Recommendation in Error**

Justice's counsel argues he was just following Chief Judge Sargus' instructions in Amended General Order 15-03 in pursuing this claim. That Order, noting the *Johnson* and *Pawlak* decisions, provides in pertinent part

> The changes brought on by these cases may affect many defendants who will be or have been sentenced in this district previously. The Court has reviewed a preliminary listing of inmates who are potentially eligible for reduction of their sentences and concludes that further screening of these inmates (and other inmates who may be eligible) is appropriate.
>
> The Court in this Order appoints the Federal Public Defender to review the list of potential defendants who may be eligible for relief. The Defenders may also create and review other lists as warranted, based upon potential eligibility of other Guidelines matters, 18 U.S.C. § 924(c) cases, etc. The Defenders office will first determine whether the office has a potential or actual conflict of representation. If no conflict exists, then the Federal Defender's

> office will, by this Order represent those defendants. If, on the other hand, a conflict exists, then Criminal Justice Act counsel shall be appointed using normal Court procedure to determine the eligibility of relief, and any other representation as may be necessary.

Justice's current counsel was appointed pursuant to this General Order (ECF No. 145), but the appointment hardly amounts to a determination that any and all claims raised pursuant to the appointment will not be objectively frivolous. The Order itself does not command the filing of any claims. It speaks of defendants who are "potentially eligible" for relief. It notes that the Chief Judge has reviewed a "preliminary listing" of the potentially eligible and calls for additional screening of those on that list "and other inmates who may be eligible."

The Objections suggest that the Report's recommendation that a certificate of appealability be denied amounts to a determination that General Order 15-03 is itself objectively frivolous and unctuously adds "[p]arenthetically, looking back over more than 20 years, counsel can represent that he has never observed Chief Judge Sargus do anything that was objectively frivolous." (Objections, ECF No. 147, PageID 674.) Obviously, no such assertion was made. General Order 15-03 provides for screening and does not suggest that every potential claim will be appropriately filed or that those that are appropriately filed will have merit, even enough merit to be debatable among reason jurists.

The recommendation to deny a certificate of appealability is neither premature nor foreclosed by the fact of appointment. Interestingly, counsel cites no case in which any court – any reasonable jurist – has found in favor of a defendant in Justice's position. Reaching for that result, Justice notes the Seventh and Ninth Circuits have found 18 U.S.C. § 18(b) unconstitutional on the basis of *Johnson* (Objections, ECF No. 147, PageID 674, citing *United States v. Vivas-Ceja*, 808 F.3d 719, 713 (7th Cir. 2015) and *Dimaya v. Lynch*, 803 F.3d 1110,

1120 (9th Cir. 2015)). So has the Sixth Circuit. *Shuti v. Lynch*, ___ F.3d ___, 2016 U.S. App. LEXIS 12500 (6th Cir. July 7, 2016)(Cole, Clay & Gibbons)(applying *Johnson v. United States*, 135 S. Ct. 2551 (2015)). But the *Shuti* panel did not find its conclusion to conflict somehow with *Taylor*, *supra*, holding § 924(c)(3) is still constitutional after *Johnson*.

**Conclusion**

Having reconsidered the matter in light of the Objections, the Magistrate Judge again recommends the § 2255 Motion be DISMISSED WITH PREJUDICE. Because Defendant has not shown that reasonable jurists, including without limitation Chief Judge Sargus, would disagree with this conclusion, Defendant should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 9, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).