# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:09-cr-180
                                          Related Case No. 3:16-cv-266

                                          District Judge Walter Herbert Rice
- vs -                                  Magistrate Judge Michael R. Merz

TURRELL JUSTICE,

                Defendant.    :

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections ("Supp. Obj.," ECF No. 150) to the Magistrate Judge's Supplemental Report and Recommendations ("Supplemental Report," ECF No. 149) recommending dismissal with prejudice of the pending § 2255 Motion (ECF No. 144). Judge Rice has again recommitted the matter for reconsideration in light of the Objections (ECF No. 151).

Defendant Turrell Justice was indicted on ten counts and pled guilty to two of them, the Hobbs Act charge in Count Three and the firearms charge in Count Six. Judge Rice imposed a sentence of forty-one months on the Hobbs Act charge and a mandatory consecutive eighty-four months on the firearms charge (Judgment, ECF No. 139). Judgment was entered December 7, 2011. Justice took no appeal and did not file the instant § 2255 Motion until June 23, 2016 (ECF No. 144).

1

In the Supplemental Report, the Magistrate Judge recommended the § 2255 Motion be dismissed with prejudice.  Justice raises four objections.

**A.  Defendant's Hobbs Act Conviction Cannot Serve as a Qualified Predicate Offense for Sentencing under 18 U.S.C. § 924(c) Because it Qualifies Only under the Unconstitutional Residual Clause**

18 U.S.C. § 924(c)(1)(A)(ii) provides that a person who brandishes a firearm "during and in relation to any crime of violence" shall be sentenced to imprisonment for not less than seven years, consecutive to the sentence on the crime of violence.  Section 924(c)(3) defines crime of violence as a felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, **[the elements clause]** or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense **[the residual clause]**.

Turrell Justice had argued that the Hobbs Act can be violated without the use of force so it does not qualify as a predicate conviction under the elements clause of § 924(c).  He reasoned that it must therefore have been considered qualified by the Court under the residual clause.  Since that clause uses the same language as the residual clause found unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Justice argued his Hobbs Act conviction no longer qualifies.

The Supplemental Report noted that the Sixth Circuit had held the residual clause of § 924(c)(3) was still constitutional after *Johnson* (ECF No. 149, PageID 681, citing *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016)).  Justice had argued *Taylor* was wrongly decided.  The

Supplemental Report responded to those arguments and concluded *Taylor* was still good law (ECF No. 149, PageID 681-83).

Justice now objects that Judge Rice made no specific finding of whether the Hobbs Act conviction qualified under the elements clause or the residual clause (Supp. Obj., ECF No. 150, PageID 691). He also notes that the Government introduced no evidence to show the Hobbs Act conviction satisfied the elements clause and the absence of evidence is fatal because the Government bears "the burden of proving any facts that may be relevant in sentencing." *Id.,* quoting *United States v. Price*, 409 F.3d 436, 444 (D.C. Cir. 2005).

If that is the test, it is easily met in this case, because the PSR, which was adopted without any objection by Mr. Justice, relates at length the home invasion which formed the basis of the Hobbs Act conviction, including the actual use of firearms, the use of violent force on the persons of two of the victims, and the threatening of children with guns (PSR ¶¶ 16-22).

The Report and Supplemental Report did not rely on the PSR because it recites historical facts of the offense, which the Magistrate Judge understands to be inconsistent with *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604, 610 (June 23, 2016), in which the Supreme Court reinforced the modified categorical approach requiring a focus on elements, rather than the means used to satisfy those elements. Thus the Supplemental Report quotes the Second Superseding Indictment as showing the elements charged in the Hobbs Act count (ECF No. 149, PageID 680, quoting ECF No. 42, PageID 159).

In sum, the Hobbs Act count in this case is qualified as a crime of violence under the elements clause of § 924(c)(3) because the Hobbs Act is a divisible statute and Justice was charged with elements of force. There was no need to resort to the residual clause to find the Hobbs Act conviction in this case was a crime of violence.

B.  The Supplemental Report Misinterprets *Mathis*

The Supplemental Report read the newly-decided *Mathis* case, *supra*, as consistent with the modified categorical approach used in *Taylor, supra.*  Justice now argues this reading is mistaken and *Mathis* rejects the use of the modified categorical approach in the Sixth Circuit as exemplified in *United States v. Ozier*, 796 F.3d 597 (6th Cir. 2015)(Supp. Obj., ECF No. 150, PageID 692).

Defendant Ozier was convicted of bank robbery under 18 U.S.C. § 2113 and found to be a career offender under the Sentencing Guidelines because he had at least two prior felony convictions for crimes of violence under U.S.S.G. § 4B1.1.  The relevant prior conviction in question was one for aggravated burglary in Tennessee.  The Government argued the Tennessee statute was divisible and the modified categorical approach could be used with the sentencing court looking at documents appropriate under *Shepard v. United States*, 544 U.S. 13 (2005).  The Sixth Circuit agreed and upheld the career offender classification.  As to the categorical approach, it held:

> When determining whether a particular conviction constitutes a "crime of violence," we use the "categorical approach." *United States v. Prater*, 766 F.3d 501, 509 (6th Cir. 2014). This approach requires "compar[ing] the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood. The prior conviction qualifies as a[] . . . predicate [offense] only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps*, 133 S. Ct. at 2281.

796 F.3d at 699-600.

4

In *Mathis* the Supreme Court was applying the so-called enumerated offenses clause of the Armed Career Criminal Act ("ACCA").[1] The determinative question was whether burglary under Iowa law was the same as or narrower than generic burglary for purposes of the ACCA's enumerated offenses clause. In *Ozier* the question arose under the enumerated offenses clause of the Career Offender Guideline which required showing that aggravated burglary in Tennessee was the same as or narrower than generic burglary in the Career Offender Guideline.

In this case there is no enumerated offenses clause to deal with. The question under § 924(c) is whether the Hobbs Act conviction was for a crime of violence, i.e., did it have "as an element the use, attempted use, or threatened use of physical force against the person or property of another"? The question is not whether as a matter of fact Mr. Justice used, attempted to use, or threatened to use physical force. The question rather is whether the Hobbs Act is "divisible" -- does it define separate crimes requiring the proof of different elements – or is it indivisible, merely listing different means by which it can be committed?

The Report and Supplemental Report analyzes the Hobbs Act as divisible. The statute provides:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in

---

[1] 18 U.S.C. § 924(e)(2)(B) reads  (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
(i)
has as an element the use, attempted use, or threatened use of physical force against the person of another [**elements clause**]; or
(ii)
is burglary, arson, or extortion, involves use of explosives [**enumerated offenses clause**], or otherwise involves conduct that presents a serious potential risk of physical injury to another [**residual clause**].

5

>violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
>(b) As used in this section –
>
>(1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

The Government did not indict Justice for violating the Hobbs Act in general. Rather, it chose particular elements from the statute which, when combined, formed a completed count of the indictment. Count Three of the Second Superseding Indictment charged

>COUNT THREE
>[18 U.S.C. § 1951 -Conspiracy to Interfere
>with Commerce through Robbery]
>
>Between a beginning date unknown and March 17, 2009, in the Southern District of Ohio, defendants McGUIRE, WOODS, and JUSTICE, conspired to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats physical violence, in that defendants McGUIRE, WOODS, and JUSTICE, conspired to and obtain controlled substances from an individual engaged in the commercial activity of drug trafficking, by means of actual and threatened force, violence, and fear of injury to this individual engaged in the commercial activity of drug trafficking.

In violation of Title 18, United States Code, Section 1951. Once the offense was charged in this way, the Government could not have obtained a conviction by proving, e.g., interference with commerce by extortion.

Robbery as used here is an element, not a means of committing an element. To compare with *Mathis*, Justice Kagan gives an example:

6

> [S]uppose a statute requires use of a 'deadly weapon' as an element of a crime and further provides that the use of a 'knife, gun, bat, or similar weapon' would all qualify. . . . Because that kind of list merely specifies diverse means of satisfying a single element of a single crime – or otherwise said, spells out various factual ways of committing some component of the offense – a jury need not find (or a defendant admit) any particular item.

The Hobbs Act is not structured at all like Justice Kagan's hypothetical alternative means of assault with a deadly weapon.

Because the Hobbs Act offers alternative elements instead of means, it is divisible within the meaning of *Mathis* and *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). It was therefore permissible to examine the indictment – one of the documents permitted by *Shepard, supra* – to determine what the elements were of the Hobbs Act offense with which Justice was charged and of which he was convicted.

## C.  The Supplemental Report Misinterprets *Taylor*

Justice asserts the Supplemental Report "incorrectly claims that the Sixth Circuit in *United States v. Taylor*, 814 F.3d 340 (2016) did not use a modified categorical approach to reach its conclusion." (Supp. Obj., ECF No. 150, PageID 693, citing Supp. R&R, ECF No. 149 at PageID 682.) The paragraph of the Supplemental Report to which this objection refers reads in full:

> Justice claims that the *Taylor* court used a modified categorical approach to reach its conclusion. Not so. *Taylor* was a direct appeal from convictions and a death sentence for carjacking resulting in death, kidnapping resulting in death, and using a firearm to commit murder while committing carjacking and kidnapping. 814 F.3d at 345. *Taylor* had argued that *Johnson 2015*

7

> compelled finding that § 924(c)(3)(B) was unconstitutionally vague. *Id.* at 375. The *Taylor* court noted that carjacking and kidnapping had been found to be "crimes of violence" under § 924(c)(3)(B), the residual clause of 924(c)(3), not the elements clause, which is § 924(c)(3)(A). *Id.* at 376.

The Supplemental Objections argue that Taylor uses "a modified categorical approach to determine whether a **prior** conviction qualifies as a 'crime of violence.'" (Supp. Obj., ECF No. 150, PageID 693, emphasis added.) But the Sixth Circuit in *Taylor* was not looking at prior convictions, but at convictions for carjacking and kidnapping that occurred in the same case. Of course the Sixth Circuit in *Taylor* rejected the claim that *Johnson* invalidated the residual clause of § 924(c)(3)(B), so it did not need to perform any "modified categorical approach" analysis on the kidnapping and carjacking convictions.

If *Taylor* is wrongly decided, the Supreme Court will tell us so in due course, but it has not done so already in *Mathis*.

### D. Denial of a Certificate of Appealability

The Supplemental Objections are persuasive on the issue of a certificate of appealability. The prior recommendation that a certificate should not be issued is WITHDRAWN. Because reasonable jurists could disagree with the Magistrate Judge's analysis on the merits, Petitioner should be granted a certificate of appealability on his sole Ground for Relief.

8

The Magistrate Judge notes Justice has not renewed his prior objection that a recommendation on the certificate of appealability issue made before an Article III judge has passed on the merits of his claims is somehow premature.

August 26, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

\

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).