IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:09-cr-180(3) |
| v. | : | Related Case No. 3:16-cv-266 |
| TURRELL JUSTICE, | : | JUDGE WALTER H. RICE |
| Defendant. | : | |

DECISION AND ENTRY ADOPTING IN THEIR ENTIRETIES INITIAL (DOC. #146) AND FIRST SUPPLEMENTAL (DOC. #148) REPORTS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE, AND OVERRULING DEFENDANT TURRELL JUSTICE'S OBJECTIONS THERETO (DOC. #147, 150); REJECTING SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #152) AS TO RECOMMENDATION THAT DEFENDANT BE GRANTED A CERTIFICATE OF APPEALABILITY, ADOPTING SAID REPORT AND RECOMMENDATIONS IN ALL OTHER RESPECTS, AND SUSTAINING OBJECTIONS OF PLAINTIFF UNITED STATES OF AMERICA (DOC. #153) THERETO; DEFENDANT'S MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (DOC. #144) IS DISMISSED WITH PREJUDICE; BECAUSE REASONABLE JURISTS WOULD NOT DISAGREE WITH THIS CONCLUSION, AND DEFENDANT HAS NOT MADE A SUBSTANTIAL SHOWING OF A DENIAL OF A CONSTITUTIONAL RIGHT, HE SHALL NOT BE GRANTED CERTIFICATE OF APPEALABILITY; AS ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS, DEFENDANT SHOULD NOT BE PERMITTED LEAVE TO APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

Defendant Turrell Justice ("Defendant" or "Justice") filed a Motion to Correct Sentence Under 28 U.S.C. § 2255 ("Motion"), arguing that, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) ("*Johnson II*"), "[his] conviction for Use of a Firearm to Facilitate a Crime of Violence in

violation of 18 U.S.C. § 924(c)(1)(A)[1] is no longer tenable because his conviction for Hobbs Act Robbery in violation of 18 U.S.C. § 1951 no longer qualifies as a predicate offense." Doc. #144, PAGEID #653. Therefore, he claims, his sentence should be vacated, and he should be resentenced absent the career offender provision's mandatory enhancement. *Id.*, PAGEID #660. Pending before the Court, pursuant to Rule 72(b), are: Magistrate Judge Michael R. Merz's July 8, 2016, Report and Recommendations ("Initial Report and Recommendations"), Doc. #146; the Magistrate Judge's August 9, 2016, Supplemental Report and Recommendations ("First Supplemental Report and Recommendations"), Doc. #149; the Magistrate Judge's August 26, 2016, Second Supplemental Report and Recommendations, Doc. #152; and the Objections to said judicial filings of Justice, Doc. #147, 150, and Plaintiff, the United States of America ("the Government"). Doc. #153.

Based on the reasoning and citations set forth in the three Reports and Recommendations, as well as upon a thorough *de novo* review of the parties' filings, the underlying facts and the applicable law, the Court ADOPTS in their entireties the Initial and First Supplemental Reports and Recommendations, and OVERRULES Justice's Objections thereto. The Court REJECTS the Second Report and Recommendations as to the recommendation that Justice be granted a certificate of appealability as to the constitutionality of 18 U.S.C. § 924(c)(3)(B), and otherwise ADOPTS in full the Second Supplemental Report and Recommendations. The Court SUSTAINS the Government's Objection to said judicial filing. Justice's Motion is DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with the Court's conclusion, and Justice

---

[1] Also referred to as the "career offender provision." Doc. #144, PAGEID #660.

2

has not made a substantial showing of a denial of any constitutional right, he is DENIED a certificate of appealability. This Court, in so doing, certifies to the U.S. Court of Appeals for the Sixth Circuit that any appeal would be objectively frivolous, and that Justice should not be granted leave to appeal *in forma pauperis*.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 12, 2010, a grand jury in the U.S. District Court for the Southern District of Ohio issued a Second Superseding Indictment ("Indictment") against Justice. Doc. #42. The Indictment charged Justice, in relevant part for this Motion, with: Conspiracy to Interfere with Commerce through Robbery ("Hobbs Act Robbery") (Count Three); and Use and Carrying of a Firearm During and in Relation to a Crime of Violence (Count Six). *Id.*, PAGEID #159-61 (citing 18 U.S.C. §§ 924(c), 1951). On April 27, 2011, Justice entered into a plea agreement with the Government, under which he agreed to plead guilty to Counts Three and Six. Doc. #101. Because Hobbs Act Robbery constituted a predicate crime of violence under 18 U.S.C. § 924(c)(1), the Court, on November 28, 2011, sentenced Justice to eighty-four months in prison on Count Six (the mandatory minimum), to be served consecutively with his forty-one month sentence on Count Three. Doc. #136, PAGEID #630.

On June 23, 2016, Justice filed the instant Motion. Doc. #144. Justice notes that the Supreme Court in *Johnson II* invalidated the "residual clause" of the Armed Career Criminal Act of 1984 ("ACCA"), because it was so vague as to violate a criminal defendant's right to due process guaranteed by the Fifth Amendment to the U.S. Constitution. *Id.*, PAGEID #654 (citing 135 S.Ct. at 2555-56, 2558; 18 U.S.C. §

3

924(e)(2)(B)(ii) (which had included within the definition of "violent felony" a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another")). He argues that, for Hobbs Act Robbery to qualify as a predicate offense, it must be considered a "crime of violence" pursuant to one of the two categories set forth in 18 U.S.C. § 924(c)(3). *Id*. First, Hobbs Act Robbery could be considered a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Second, Hobbs Act Robbery could be considered a crime of violence if it is a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

Justice argues that: (1) Hobbs Act Robbery does not satisfy the strict categorical approach for what constitutes a "crime of violence" under 18 U.S.C. § 924(c)(3)(A); and (2) the above-quoted language in 18 U.S.C. § 924(c)(3)(B) is a "residual clause" that is identical in substance to the one found to be unconstitutionally vague in *Johnson II*. Doc. #144, PAGEID #655. Taken together, Johnson claims that there was no basis for his conviction on Count Six and sentencing under 18 U.S.C. § 924(c). *Id*., PAGEID #656, 659. Thus, Johnson requests that the Court vacate his sentence under Count Six "and schedule a new hearing so that he can be re-sentenced without application of the career offender provision." *Id*., PAGEID #660.

On July 8, 2016, the Magistrate Judge issued his Initial Report and Recommendations, recommending that: Justice's Motion be overruled; he be denied a certificate of appealability; and the Court certify to the Sixth Circuit that any appeal

would be objectively frivolous, and Justice should not be granted leave to appeal *in forma pauperis*. Doc. #146. Justice filed timely Objections, Doc. #147, and the matter was recommitted to the Magistrate Judge. Doc. #148. On August 9, 2016, the Magistrate Judge issued his First Supplemental Report and Recommendations, again recommending that the Motion be overruled, Justice be denied a certificate of appealability, and that Justice should not be granted leave to appeal *in forma pauperis*. Doc. #149. Justice again filed timely Objections, Doc. #150, and the matter was again recommitted to the Magistrate Judge. Doc. #151. On August 26, 2016, the Magistrate Judge issued his Second Supplemental Report and Recommendations, again recommending that the Motion be overruled. Doc. #152. However, he withdrew his previous recommendations that Justice be denied a certificate of appealability, and instead recommended that, because reasonable jurists could disagree with his conclusion, Justice be granted such a certificate. *Id.*, PAGEID #704. The Government filed timely Objections to the Second Report and Recommendations as to the recommendation that a certificate of appealability be granted. Doc. #153. Justice responded to the Government's Objections regarding the certificate of appealability, but did not make any new objections himself. Doc. #154.[2]

---

[2] In his response to the Government's Objections, Justice did not renew the Objections he raised previously. Nonetheless, given the Court's strong preference to review the Motion on the merits, it will review the substance of all Objections raised.

## II. APPLICABLE LAW

### A. 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a prisoner who was convicted of a federal crime, but who believes "that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence. " 28 U.S.C. § 2255(a). The Court's analysis under 28 U.S.C. § 2255 is identical to its analysis of a *habeas corpus* petition brought under 28 U.S.C. § 2254, and a movant under 28 U.S.C. § 2255 is subject to the same burdens of proof and exhaustion requirements as a *habeas corpus* petitioner under 28 U.S.C. § 2254(b). If a movant fails to raise an argument for vacating or modifying a sentence that was available to him on direct appeal, then that argument has been procedurally defaulted, and he may not raise it as a ground for relief under 28 U.S.C. § 2255. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *see also Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (applying *Wainwright* to section 2255 claim). Moreover, if a movant seeks to have his sentence vacated based on a precedential decision that was issued subsequent to the movant's sentencing, then he must bring such a claim within one year of the decision being issued. *See* 28 U.S.C. § 2255(f)(4) (stating that the one-year statute of limitations begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.").

### B. Rule 72(b)

The Magistrate Judge's Reports and Recommendations addressed the merits of Justice's Motion and the Objections thereto; thus, the Court must conduct a *de novo*

6

review of "any part of the [M]agistrate [J]udge's disposition that has been properly objected to. The [Court] may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the [M]agistrate [J]udge with instructions." Fed. R. Civ. P. 72(b)(3).

### C. Recent Supreme Court Jurisprudence

In *Johnson v. United States*, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) ("*Johnson I*"), the Supreme Court held that to constitute a violent felony under the ACCA, the defendant must have used violent, rather than mere physical, force in committing the crime. 559 U.S. at 143 (citing 18 U.S.C. § 924(e)(2)(B)(i)). *Johnson I* was decided prior to the Second Superseding Indictment in this case, Doc. #149, PAGEID #680, and Justice does not contend that the holding in *Johnson I* is retroactive.

In *Descamps v. United States*, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the Court reaffirmed its commitment to a "strict categorical approach" for most instances in which a District Court must determine whether a charged crime qualifies as a predicate offense (and thus, the basis for a sentencing enhancement. In the strict categorical approach, a District Court must:

> [C]ompare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.,* the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense.

133 S.Ct. at 2281. However, a District Court may employ a "modified categorical approach" when the criminal statute at issue is divisible—*i.e.*, when the

> [S]tatute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building <u>or</u> an automobile. If one alternative (say, a building) matches an element in the

7

> generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Id.* (emphasis in original).

The *Descamps* Court held that the determination of a predicate offense under the ACCA must be made solely by the elements of the criminal statute, rather than analyzing the facts surrounding the commission of the crime. In other words, for sentencing enhancement purposes, it does not matter whether a defendant <u>actually</u> used violent force to commit a crime; it matters only whether some violent force is an element of the crime. If the elements of the crime <u>could</u> be met without the use of violent force, then it could not qualify as a predicate offense. 133 S.Ct. at 2293. As noted by the Magistrate Judge, *Descamps* "has never been held to be applicable retroactively." Doc. #146, PAGEID #667.

In *Mathis v. United States*, the Supreme Court clarified its holding in *Descamps* and maintained that a modified categorical approach was still permissible if the statute that classifies the predicate conviction is "divisible," *i.e.*, in which "[a] single statute may list elements in the alternative, and thereby define multiple crimes." 579 U.S. ---, 136 S.Ct. 2243, 2249, 195 L.Ed.2d 604 (2016) (citing *Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)). However, when a statute, like the ACCA, "enumerates various factual means of committing a <u>single</u> <u>element</u>[,]" *id.* (emphasis added), a strict categorical approach must be applied. *Id.*

In *Johnson II*, as discussed above, the Supreme Court held that the residual clause of the ACCA was so vague as to violate the Due Process Clause of the Fifth

8

Amendment.  135 S.Ct. at 2555-56, 2560 (citing 18 U.S.C. § 924(e)(2)(B)(ii)).  In *Welch v. United States*, the Court held that the *Johnson* decision was a new substantive rule, and thus applied retroactively.  136 S.Ct. 1257, 1268, 194 L.Ed.2d 387 (2016)).  However, in *Beckles v. United States*, the Supreme Court held that a substantially similar residual clause in the U.S. Sentencing Guidelines did not violate the Due Process Clause.  137 S.Ct. 886, 892 (2017).

### III.  ANALYSIS

####   A.  Hobbs Act Robbery as Predicate Offense

#####     1.  Strict vs. Modified Categorical Approach

Justice argues that, in determining whether Hobbs Act Robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A), the Court must employ a strict categorical approach, looking only to the statutory elements, rather than to any facts surrounding Defendant's alleged commission of the crime.  Doc. #144, PAGEID #654-55 (citing *Descamps*, 133 S.Ct. at 2283).  He claims that, under a strict categorical approach, "a prior offense can only qualify as a 'crime of violence' if the all of the criminal conduct covered by a statute – 'including the most innocent conduct' matches or is narrower than the 'crime of violence' definition." *Id.*, PAGEID #655 (citing *U.S. v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012)).  The Hobbs Act may be violated without actual, attempted or threatened use of violent force—specifically, through extortion.  18 U.S.C. § 1951(b)(2).  Thus, Justice argues, Hobbs Act Robbery cannot be classified as a crime of violence, regardless of whether Justice actually used violent force to carry out the crime.  Doc. #144, PAGEID #656.

With respect to Justice's argument that "applying the categorical approach of *Descamps*, his Hobbs Act [Robbery] conviction is not [a conviction] for a crime of violence[,]" Doc. #146, PAGEID #667, the Magistrate Judge concluded that, because it was decided on June 20, 2013, the one-year statute of limitations for bringing a claim under section 2255 based on the *Descamps* holding had expired prior to bringing the claim. *Id.* Justice argues that the Court relied on a modified categorical approach to determine whether one or more of the crimes at issue qualified as a crime of violence, an approach which the Supreme Court supposedly barred in *Mathis*. Doc. #150, PAGEID #692-93 (quoting 136 S. Ct. at 2257). Justice argues that it was *Mathis*, not *Descamps*, that was the basis of his Motion, and since that case was not decided until June 2016, his Motion was timely. *Id.*, PAGEID #692-93.

The Court need not reach the statute of limitations issue, because Justice's argument fails on its merits. In *Mathis*, the Court stated that the ACCA was not a law "that lists multiple elements disjunctively, but instead one that enumerates various factual means of committing a single element. 136 S.Ct. at 2249. Thus, the Court concluded, the statute was not divisible, and a strict categorical approach was required. However, as the Magistrate Judge noted, *Mathis* still allowed for a modified categorical approach when a statute is divisible—that is, when a statute contains elements in the alternative, thereby defining multiple crimes, a court could look at limited external materials (*e.g.*, plea colloquy or indictment) "to determine what crime[, and] with what elements[,] a defendant was convicted of." Doc. #149, PAGEID #682 (citing *Mathis*, 136 S.Ct. at 2249; *Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)).

Unlike the ACCA, the Magistrate Judge concluded, the Hobbs Act contains three alternative elements for violating the statute: (1) robbery; (2) extortion; or (3) commission or threat of physical violence, all in furtherance of obstructing commerce. Doc. 152, PAGEID #701-02 (citing 18 U.S.C. § 1951(a, b(1)). As Justice was indicted only for Hobbs Act Robbery, *id*. (citing Doc. #42, PAGEID #159), the Government could not have convicted Justice by proving, for example, that he violated the Hobbs Act through extortion. *Id*., PAGEID #702. Thus, the statute was divisible, and a modified categorical approach was permissible. *Id*., PAGEID #703. The Indictment alleged that Justice "used actual and threatened force, violence and fear of injury" to commit Hobbs Act Robbery, Doc. #42, PAGEID #159, and Justice admitted, through his guilty plea, that he used such actual or threatened force or violence. Thus, the Court properly determined that Justice's conviction was a crime of violence subject to the sentencing enhancement, and Justice's sentence will not be vacated or modified on that ground.

### 2. Residual Clause of 18 U.S.C. § 924(c)(3)(B) is Constitutional

Justice claims that the sentencing enhancement statute's "residual clause," 18 U.S.C. § 924(c)(3)(B), which provides for a crime of violence to be considered one "that by its nature, in nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," is virtually identical to the ACCA residual clause was found to be unconstitutionally vague in *Johnson II*. Doc. #144, PAGEID #655 (quoting 18 U.S.C. § 924(c)(3)(B)). Consequently, Justice argues, Hobbs Act Robbery cannot qualify as a predicate offense, and his conviction and sentencing under Count Six should be vacated as unconstitutional. *Id*., PAGEID #660.

In the Initial Report and Recommendations, the Magistrate Judge noted that, in light of *Johnson II*, the Sixth Circuit invalidated a residual clause contained in the U.S. Sentencing Guidelines that is identical in substance to both the ACCA residual clause and 18 U.S.C. § 924(c)(3)(B). Doc. #146, PAGEID #665 (citing *U.S. v. Pawlak*, 822 F.3d 902, 903 (6th Cir. 2016)). However, subsequent to the issuance of the Reports and Recommendations and the Objections thereto, the Supreme Court held that the Sentencing Guidelines were not subject to a "void for vagueness" challenge under the Fifth Amendment; the Court, in so holding, abrogated *Pawlak*. *Beckles*, 137 S.Ct. at 891-92.

In his Initial Objections, Justice argues that the *Johnson II* holding extended beyond the ACCA to cover any residual clause which, like the Hobbs Act Robbery clause, is materially indistinguishable from the clause invalidated in *Johnson*. Doc. #147, PAGEID #671. In support, he notes that two federal appellate courts have invalidated 18 U.S.C. § 16(b)—a residual clause contained in the general definition for "crime of violence," and which Justice claims is functionally identical to the one in 18 U.S.C. § 924(c)(3)(B)—on the grounds that such a clause was not viable in light of *Johnson*. *Id*. (citing *U.S. v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015)). Further, Justice notes that several district courts have held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson II*. *Id*. (citations omitted). While Justice acknowledges that the Sixth Circuit has held that *Johnson II* does not invalidate 18 U.S.C. § 924(c)(3)(B). Doc. #147, PAGEID #672 (citing *U.S. v. Taylor*, 814 F.3d 340, 376-79 (6th Cir. 2016)), he argues that *Taylor* was wrongly decided because the Sixth Circuit used a "modified categorical approach" to

determine whether the crimes at issue were crimes of violence—an approach which, Justice claims, was invalidated by the Supreme Court in *Mathis*. *Id*.

Justice's argument is unavailing. The *Taylor* opinion extensively detailed the perceived differences between the ACCA and residual clause at issue. 814 F.3d at 376-78 (citing 18 U.S.C. §§ 924(c)(3)(B), (e)(2)(B)(ii)). First, the Court noted that, compared to the ACCA residual clause's definition of "violent felony," the definition of "crime of violence" in 18 U.S.C. §§ 924(c)(3)(B) was narrower; specifically, it required "that physical force . . . may be used in the course of committing the offense." *Taylor*, 814 F.3d at 376 (emphasis in original). "Risk of physical force against a victim is much more definite than risk of physical injury to a victim." *Id*. at 376-77. "Moreover, § 924(c)(3)(B) requires that the felony be one which 'by its nature' involves the risk that the offender will use physical force. None of these narrowing aspects is present in the ACCA residual clause." *Id*. at 377. Second, unlike the ACCA clause, "§ 924(c)(3)(B) does not allow courts to consider conduct occurring after the crime has been committed." *Id*. Rather, the only conduct considered is that which was undertaken or was necessary to commit the crime.

Third, whereas *Johnson II* was the product of the Supreme Court's "repeated attempts and repeated failures to craft a principled and objective standard out of the [ACCA] residual clause," *Taylor*, 814 F.3d at 377-78 (quoting *Johnson II*, 135 S.Ct. at 2558), the Supreme Court has experienced no such difficulties in attempting to set forth an objective standard for applying the residual clause at issue. *Id*. at 378. "Finally, the *Johnson* [*II*] opinion itself stressed that its reasoning did not control other statutes that refer to predicate crimes," expressly declining to extend its holding to statutes, such as

13

18 U.S.C. § 924(c)(3)(B), which "use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk.'" *Id*. (emphasis added) (quoting *Johnson II*, 135 S.Ct. at 2561). The *Taylor* Court concluded that the differences in the plain language of the ACCA residual clause and 18 U.S.C. § 924(c)(3)(B), along with the narrow scope of the *Johnson II* holding, meant that *Johnson II* did not invalidate 18 U.S.C. § 924(c)(3)(B). *Id*. at 379.

In his First Objections, Justice does not address the *Taylor*'s differentiation of the ACCA residual clause and 18 U.S.C. § 924(c)(3)(B). Rather, he argues that "the Court should recognize that the residual clause of [§] 924(c) is unconstitutional under *Johnson II*." Doc. #150, PAGEID #691. However, as discussed below, the Sixth Circuit has refrained from repudiating or modifying *Taylor*, even after *Johnson II* and *Mathis*. As the Magistrate Judge noted in his Second Supplemental Report and Recommendations, "[i]f *Taylor* is wrongly decided, the Supreme Court will tell us so in due course, but it has not done so [yet.]" Doc. #152, PAGEID #704. Indeed, the Supreme Court's decision in *Beckles* suggests that the Court intended to limit *Johnson II* to the ACCA. 137 S.Ct. 886. Thus, *Taylor* remains binding upon this Court, which, in turn, compels the Court to find that the residual clause in 18 U.S.C. § 924(c)(3)(B) is constitutional, and that his sentence for Use and Carrying of a Firearm During and in Relation to a Crime of Violence should not be vacated.

### B. Certificate of Appealability

In the Second Supplemental Report and Recommendations, the Magistrate Judge withdrew his recommendations that Justice be denied a certificate of appealability. Doc. #152, PAGEID #704 (citing Doc. #146, PAGEID #667-68; Doc. #149, PAGEID #687). The Government objects to the issuance of a certificate of

appealability, noting that District Courts within the Circuit have denied certificates when 18 U.S.C. § 2255 claims were based on the argument that *Johnson II* voided the residual clause of 18 U.S.C. § 924(c)(3)(B). Doc. #153, PAGEID #708-09 (*Springs v. United States*, 2016 WL 4468242, at *5 (E.D. Tenn. Aug. 23, 2016)); *U.S. v. Kelly*, 2016 WL 4411303 (E.D. Ky. Aug. 17, 2016)). Moreover, the Government claims, the Sixth Circuit recently reiterated that its application of *Johnson II* in *Taylor* to uphold the constitutionality of 18 U.S.C. § 924(c)(3)(B), was proper. *Id.* at 708 (citing *Shuti v. Lynch*, 828 F.3d 440, 450 (6th Cir. 2016)).

The Government's argument is persuasive. In *Shuti*, the Sixth Circuit stated that "no doubt should be cast upon laws that apply a qualitative risk standard to 'real-world facts or statutory elements.'" 828 F.3d at 449 (emphasis in original) (quoting *Johnson II*, 135 S.Ct. at 2557). The Sixth Circuit included 18 U.S.C. § 924(c)(3)(B) in that class of laws and, in so doing, expressly differentiated it from the ACCA, "which require[s] a categorical approach to stale predicate convictions." *Id.* Given the opinion in *Shuti*, and the detailed differentiation between the ACCA residual clause and 18 U.S.C. § 924(c)(3)(B) in *Taylor*, reasonable jurists would not disagree with this Court's conclusion that the constitutionality of the residual clause of 18 U.S.C. § 924(c)(3)(B) is a settled question in this Circuit, and that this Court's sentencing of Justice based on 18 U.S.C. § 924(c)(3)(B) was proper. These conclusions, in turn, mean that the Court need not determine whether its conclusion that the Hobbs Act is a divisible statute for 18 U.S.C. § 924(c)(3)(A) purposes would be cause for disagreement among reasonable jurists. Even if the Sixth Circuit were to conclude that the Hobbs Act is not divisible, it would not be cause to vacate or modify Justice's sentence for Use and Carrying of a Firearm

15

During and in Relation to a Crime of Violence. In sum, reasonable jurists would not disagree with the Court's conclusion, and Justice has not made a substantial showing of a denial of a right guaranteed by the United States Constitution. Further, any appeal to the Sixth Circuit would be objectively frivolous. Consequently, Justice is denied a certificate of appealability, and shall not be permitted to appeal *in forma pauperis*, respectively.

## IV.  CONCLUSION

For the foregoing reasons, the Court ADOPTS in their entireties the Initial and First Supplemental Reports and Recommendations of United States Magistrate Judge, Doc. #146, 149, and OVERRULES Justice's Objections to said judicial filings. Doc. #147, 150. The Court REJECTS the Second Supplemental Report and Recommendations, Doc. #152, as to the recommendation that Justice be granted certificate of appealability, ADOPTS said Report and Recommendations in all other respects, and SUSTAINS the Government's Objections to said judicial filing. Doc. #153.

Justice's Motion to Correct Sentence Under 28 U.S.C. § 2255, Doc. #144, is DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with the Court's conclusion, and Justice has not made a showing of a substantial denial of a constitutional right, he is denied a certificate of appealability. As any appeal would be objectively frivolous, Justice shall not be granted leave to appeal *in forma pauperis*.

Case No. 3:16-cv-266 is hereby terminated, and Case No. 3:09-cr-180(3) remains terminated, upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 31, 2017

*(signature)*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE